Case 4:22-cv-00913   Document 19   Filed on 06/21/22 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
June 21, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REGINALD R. CHARLES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-22-913 |
| | § | |
| DONALD S. FREEDMAN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Reginald Charles, representing himself, sued Dr. Anthony Albert Minissale, Dr. Donald S. Freedman,[1] and Scott A. Stachowiak under 18 U.S.C. § 872, alleging extortion and threats, and under chapter 47 of Title 18 of the U.S. Code, alleging fraud and false statements. (Docket Entry No. 1). Charles seeks $1,000,000 in damages. (*Id.*). Charles alleges the following basis for his claims:

> Defendants collaborated and made False Statements, reported to employer and DISA Works system. Under threat of an "inactive" employment status, Plaintiff is coerced to finance a mandatory North American Substance Abuse Program ("NASAP"), under MRO orders.
>
> Medical review officer (MRO); Dr. Anthony Albert Minissale DO, fabricated TRC by Psychemedics Inc., dated 04/27/2021 and 04/30/2021.
>
> Medical Review Officer; Dr Donald Feemand MD, and (SAP) Scott A. Stachowiak, authorized and fabricated OMEGA Laboratories report dated 05/06/2021.

(*Id.*).

---

[1] Charles names "Dr. Donald S. Freedman," in his complaint but at other times uses the name "Dr. Feemand."

Stachowiak moved to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction or, in the alternative, for failure to state a claim. (Docket Entry No. 8). Charles responded. (Docket Entry No. 15).

### I.    The Legal Standards

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case." *M.J.L. v. McAleenan*, 420 F. Supp. 3d 588, 593 (W.D. Tex. 2019) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). Lack of subject matter jurisdiction may be found in any one of three instances: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *King v. U.S. Dept. of Veterans Affairs*, 728 F.3d 410, 413 (5th Cir. 2013) (citation omitted). The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

"The filings of a pro se litigant are to be liberally construed, . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) (emphasis and alterations in original) (citation and internal quotation marks omitted). But "pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam) (citation omitted).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to

relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

**II.    Analysis**

Stachowiak argues first that the court should dismiss Charles's claims for lack of subject-matter jurisdiction because the federal statutes he appears to rely on are not a basis for the claims he alleges. Charles identified Title 18 of the U.S. Code as the source of his claims against the defendants in his complaint. (Docket Entry No. 1). Charles alleges extortion under 18 U.S.C. § 872. This statute is entitled "[e]xtortion by officers or employees of the United States." Charles has not alleged that Stachowiak or the other defendants are officers or employees of the United States. Charles has failed to state a claim under 18 U.S.C. § 872.

Charles also alleges claims under chapter 47 of Title 18 of the U.S. Code. He identifies 18 U.S.C. § 1038(b), which criminalizes fraud and false statements, as the basis for his claim against Stachowiak. But whether asserted generally against all defendants or specifically against Stachowiak, Title 18 of the U.S. Code governs criminal offenses. Charles cannot state a private cause of action under a federal penal statute. *See Zastrow v. Houston Auto Imports Greenway Ltd.*, 789 F.3d 553, 559 n.3 (5th Cir. 2015) ("To the extent that [the plaintiff] also purports to raise an independent claim under 18 U.S.C. § 1503 itself, this claim fails because '§ 1503 is a criminal statute that does not provide for a private cause of action.'" (citation omitted)).

Aside from these problems, the allegations in his complaint are scant. Charles does not explain how or when the defendants "collaborated," who Charles's employer was, how or what part of the lab reports the doctor defendants "fabricated," or how it was plausible that the defendants were working together. Charles has failed to state a claim for relief against all defendants.

### III. Conclusion

Stachowiak's motion to dismiss, (Docket Entry No. 8), for failure to state a claim is granted. Because the grounds for dismissal apply to all defendants, Charles's claims against all

defendants are dismissed. Because Charles has not yet amended pleadings, no scheduling order has been set, and it is still early in litigation, the dismissal is without prejudice and with leave to amend. Charles may file an amended complaint, if it would cure the identified deficiencies, no later than **July 15, 2022**. The initial pretrial conference is rescheduled for **August 19, 2022**, at 2:00 p.m. C.D.T. by video. A zoom link will be separately sent.

SIGNED on June 21, 2022, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge